IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUAN SOTO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 21 C 4631 ) |
| ALEJANDRO N. MAYORKAS, Secretary, U.S. Department of Homeland Security, | ) Judge Joan H. Lefkow ) ) |
| Defendant. | ) ) |

**ORDER**

The motion to dismiss Counts I, III, and IV of the Amended Complaint (dkt. 19) is denied. Count II is dismissed as duplicative of Count I. The Secretary is directed to answer Counts I, III, and IV. See Statement.

**Statement**

Juan Soto, an employee of the Transportation Security Administration (TSA), filed this action against Alejandro Mayorkas, Secretary of the Department of Homeland Security (DHS), alleging violations of his rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* (Dkt. 16.)[1] The Secretary has moved to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6). (Dkt. 19.)

**A. Summary of Relevant Allegations**[2]

Throughout September and October 2019, while Soto was working at O'Hare Airport, a coworker named April Walker repeatedly made unwanted sexual advances towards him. In November 2019, Soto reported the situation to his supervisor. A Security Manager named

---

[1] This court has jurisdiction under 42 U.S.C. § 2000e-5(f)(3), and venue is proper under 28 U.S.C. § 1391(b)(1) and (d).

[2] In ruling on 12(b)(6) motions, the court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences in the plaintiff's favor. *See Taha* v. *Int'l Bhd. of Teamsters, Local 781*, 947 F.3d 464, 469 (7th Cir. 2020). The court considers documents attached to the complaint as incorporated therein. Fed. R. Civ. P. 10(c); *see Williamson* v. *Curran*, 714 F.3d 432, 436 (7th Cir. 2013). The court may also consider documents attached to the motion to dismiss … if the documents are "referred to in the plaintiff's complaint and are central to his claim." *Burke* v. *401 N. Wabash Venture, LLC*, 714 F.3d 501, 505 (7th Cir. 2013) (citation omitted).

Brunson spoke with Soto about the report and reassigned him to work in a different terminal away from Walker. Officials were required by TSA policy to complete an "incident report form" within three days of Soto's report, but they did not ultimately do so until August 2020. On February 21, 2020, Soto learned from Brunson that Walker had filed a report of sexual harassment against him. During that meeting, Brunson also attempted to alter Soto's typed statement of his own allegations before Soto saw what she was doing and told her to stop.

From February continuing into December, Soto was in periodic communication with various officials (the lines of authority and responsibility are not explained) about investigation of his report about Walker. During this period, he learned that his allegations against Walker were not being investigated, but Walker's allegations against him were. (One may infer that the officials involved took Walker's allegations seriously and ignored or disbelieved Soto.)

In late May, Soto filed a grievance with his union and, with his union representative, he contacted an Equal Employment Opportunity counselor on September 24, 2020. On October 8, Soto was asked to sign a closure form regarding the Walker investigation. Although the form cleared him of her allegations, Soto refused to sign because he did not want the allegations to appear in his personnel file. In November, the Walker investigation was reopened, and Soto was subjected to duplicative investigation as a result.

On December 23, 2020, Soto filed an EEO complaint.[3] The EEO complaint charged discrimination based on sex (male) and identified October 8, 2020 as the date of the most recent discriminatory event and the date he became aware of "ongoing" discrimination. Attached to the EEO complaint form is a list of "discriminatory actions," which includes Soto's allegations against Walker and the subsequent interactions with DHS officials that were antagonistic to him. Since filing the complaints against Walker, Soto has not been able to work and/or bid for a position at Terminal 2 or Terminal 5 for fear of retaliation from the managers and Walker.

Soto filed this action on August 30, 2021, within 90 days of receiving DHS's procedural dismissal and notice of right to sue.

**B. Analysis**

The Secretary first argues that all of Soto's claims are barred because Soto failed to contact an EEO counselor within 45 days of the alleged discriminatory acts as required by 29 C.F.R. § 1614.105(b)(1), which provides, "[O]nly the claims raised in precomplaint counseling (or issues or claims like or related to issues or claims raised in pre-complaint counseling) may be alleged in a subsequent complaint filed with the agency." *See Lapka* v. *Chertoff*, 517 F.3d 974, 981 (7th Cir. 2008). Dismissal based on a limitations defense "is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness." *Cancer Found., Inc.* v. *Cerberus Cap. Mgmt., LP*, 559 F.3d 671, 674–75 (7th Cir. 2009). The timely filing requirement, "like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes* v. *Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

---

[3] To avoid confusion, when discussing the documents relevant to this case, the court will henceforth refer to either Soto's "EEO complaint" or his "amended complaint," meaning the complaint filed in this civil suit (dkt. 16).

**Counts I and II.** The claims of hostile work environment (Count I) and sexual harassment (Count II)[4] are based on incidents occurring before August 10, 2020—45 days before the EEO counselor contact. As such they are barred unless equitable tolling applies. Soto attempts to frame a continuing violation by including the acts of DHS officials in response to his allegations against Walker as a continuation of those allegations, relying on *Dasgupta* v. *Univ. of Wisc. Bd. of Regents*, 121 F.3d 1138, 1139 (7th Cir. 1997). Although *Dasgupta* describes continuing violations to include conduct whose "character as a violation did not become clear until it was repeated during the limitations period," it held that the acts the plaintiff complained of did not make out a continuing violation. And, contrary to Soto's argument, *Stepney* v. *Naperville School Dist. 203*, 392 F.3d 236, 239–40 (7th Cir. 2004), held that an employer's failure within the limitations period to remedy allegedly discriminatory actions does not bring the actions themselves within the limitations period via the continuing violation doctrine.

**Count III.** Soto's claim of sex discrimination is also based on malfeasance of DHS officials. To plead a sex discrimination claim, Soto "must allege that [the employer] took job-related action against him which was motivated by intentional discrimination." *Alamo* v. *Bliss*, 864 F.3d 541, 552 (7th Cir. 2017). *See also Reives* v. *Illinois State Police*, 29 F.4th 887, 894 (7th Cir. 2022). The allegations of sex discrimination indicate disparate treatment based on favoritism granted to Walker in the investigation of their respective harassment reports, from which a discrimination claim could be inferred. But as with his sexual harassment claim, Soto has not pleaded that any discrete actions by the officials occurred within the limitations period (i.e., after August 10.) *See Tinner* v. *United Ins. Co. of Am.*, 308 F.3d 697, 708 (7th Cir. 2002) ("[A] discrete discriminatory act occurs on the day it happens.") (citation omitted). As such, the sex discrimination claim is untimely unless equitable estoppel applies.

**Count IV.** Soto alleges that DHS retaliated against him for reporting Walker's harassment. He contends that DHS retaliated in October and November 2020. Specifically, he claims that DHS retaliated against him for contacting an EEO counselor (in September 2020), by intimidating him in October 2020, reopening an investigation against him in November, subjecting him to duplicative interrogations, and requiring him to produce duplicative statements.

"To plead a Title VII retaliation claim, a plaintiff must … allege that she engaged in statutorily protected activity and was subjected to adverse employment action as a result of that activity," *Huri* v. *Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 833 (7th Cir. 2015) (citation omitted). A plaintiff engages in protected activity when he takes "some step in opposition to a form of discrimination that [Title VII] prohibits." *O'Leary* v. *Accretive Health, Inc.*, 657 F.3d 625, 631 (7th Cir. 2011). An adverse action in this context is one that "would dissuade a reasonable worker from participating in protected activity," *Huri*, 804 F.3d at 833 (citation omitted).

---

[4] Soto alleges, separately from Count I, that DHS is liable for sexual harassment in violation of Title VII. The court discerns no substantive difference between Soto's claim of hostile work environment alleged in Count I and Count II's claim of sexual harassment.

3

Soto's contacting an EEO counselor qualifies as a protected activity for the purpose of his retaliation claim, and the court can reasonably infer that Soto "believed [he was] complaining about conduct prohibited by Title VII, which is all that is required to establish protected activity." *Castro* v. *DeVry Univ., Inc.*, 786 F.3d 559, 564 (7th Cir. 2015). *See* 42 U.S.C. § 2000e-3(a). DHS's subjecting him to undue or repetitive intimidation and interrogation also plausibly constitutes a materially adverse action, as the court can reasonably infer that such actions would dissuade a reasonable person from contacting an EEO counselor.[5] Still, Soto did not within 45 days of any specific conduct contact an EEO counselor about the treatment he was receiving. *See Morgan*, 536 U.S. at 114 (noting that "each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice,'" and the plaintiff "can only file a charge to cover discrete acts that 'occurred' within the appropriate time period").

Whether a claim based on incidents that occurred *after* Soto contacted an EEO counselor but before he filed his EEO complaint, are timely, is an issue the parties have not squarely addressed. The Secretary argues that a claim arising from events "in the October–December 2020 timeframe" would be untimely "because the statute of limitations for his claims based on TSA's alleged failure to investigate his sexual harassment allegations began to run when he learned [in February 2020] that TSA was investigating Walker's allegation and not his." But this does not address the timeliness of an independent retaliation claim that plausibly arose in October or November 2020 when DHS subjected Soto to intimidation and unnecessary interrogation in retaliation for Soto's contacting an EEO counselor. Since dismissal on timeliness grounds is appropriate only when the claim is obviously untimely on the face of facts alleged in the complaint, *see, e.g.*, *Cancer Found.*, 559 F.3d at 674–75, the court declines to dismiss Soto's retaliation claim for a reason not raised by the Secretary.

**Equitable Estoppel.** As noted earlier, the requirement for Soto to contact an EEO counselor within 45 days of a discriminatory act "is subject to waiver, estoppel, and equitable tolling." *Zipes*, 455 U.S. at 393. Soto argues that equitable estoppel applies to his claims and, as the party invoking the doctrine, he "has the burden of demonstrating [its] elements." *Edgewater Hosp., Inc.* v. *Bowen*, 857 F.2d 1123, 1138 (7th Cir. 1988). Four criteria determine when equitable estoppel applies:

> First, the party to be estopped must know the facts. Second, this party must intend that his conduct shall be acted upon, or must so act that the party asserting estoppel has a right to believe it is so intended. Third, the party asserting estoppel must have been ignorant of the facts. Finally, the party asserting estoppel must reasonably rely on the other's conduct to his substantial injury.

*Id.* Additionally, when the plaintiff's claim is against the government, he must also demonstrate "that the government has engaged in 'affirmative misconduct.'" *Gibson* v. *West*, 201 F.3d 990 (7th Cir. 2000).

---

[5] Soto may have experienced retaliation on an earlier date as well: he engaged in protected activity when he first reported Walker's harassment in November 2019, and the court could plausibly construe the subsequent events—including his transfer and Brunson's attempt to alter his statement—as materially adverse actions. But these events would constitute independently actionable retaliation, which would undoubtedly be time-barred.

4

Although Soto bears the burden of proof, "a complaint need not anticipate and overcome affirmative defenses." *Amin Ijbara Equity Corp.* v. *Vill. of Oak Lawn*, 860 F.3d 489, 492 (7th Cir. 2017) (citation omitted). The court, therefore, cannot demand that Soto anticipate DHS's timeliness argument and plead the applicability of equitable estoppel in his complaint. In short, Soto's amended complaint does not "plainly reveal" that his claims merit the "irregular" step of dismissal for untimeliness at this stage of the litigation. *Chicago Bldg. Design, P.C.* v. *Mongolian House, Inc.*, 770 F.3d 610, 613–14 (7th Cir. 2014) (citations omitted).

**Exhaustion of Administrative Remedies.** DHS additionally argues that the retaliation claim (Count IV) was not administratively exhausted because Soto did not claim retaliation in his EEO complaint. To be exhausted, the allegations in the amended complaint must be "like or reasonably related" to the allegations in the EEO complaint. *Jenkins* v. *Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976). Retaliation, sex discrimination, and sexual harassment charges may be sufficiently connected where they are "so related and intertwined in time, people, and substance that to ignore that relationship for a strict and technical application of the rule would subvert the liberal remedial purposes of [Title VII]." *Sitar* v. *Indiana Dep't of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003) (citations omitted). Soto's EEO complaint does not show the "retaliation/reprisal" box checked (dkt. 16 at 18), but the narrative attached includes facts that plausibly support a retaliation claim, including DHS's duplicative investigation in November 2020. As such, the court concludes that the retaliation claim should not be dismissed for this reason.

Date: March 22, 2023

_____
U.S. District Judge Joan H. Lefkow

5